IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RODNEY ROCHELLE WILLIAMS,

    Plaintiff,

v.  No. CIV 09-0745 MCA/CEG

CURRY COUNTY DETENTION CENTER'S
WARDEN/ADMINISTRATOR,
MRS. LOIS BEAN,
LIEUTENANT MRS SHEILA MORRISON,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motions will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts a claim against Defendant Bean for allegedly providing inmates with inadequate legal materials. Plaintiff also alleges that Defendant Morrison intercepted Plaintiff's legal mail in retaliation for his filing of grievances. Plaintiff contends that Defendants' actions violated his constitutional protection against cruel and unusual punishment. He seeks damages.

Plaintiff's claim for denial of access to the courts based on allegedly inadequate legal materials requires that he "establish relevant actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). This claim may not be based on an assertion of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Here, Plaintiff alleges only that he does not have "adequate access to a Law Library." Because the Constitution does not ensure the access that Plaintiff seeks, and because Plaintiff does not allege any active interference with his preparation or filing of papers, no relief can be granted on this claim. The claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motions for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 2, 8) are GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee; and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claim of denial of access to the courts is DISMISSED with prejudice, and Defendant Bean is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Morrison.

SO ORDERED this 22nd day of September, 2009

_____
M. CHRISTINA ARMIJO
United States District Judge