IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RODNEY ROCHELLE WILLIAMS,

        Plaintiffs,

v.                                                    CIV 09-745 MCA/CG

SHEILA MORRISON,

        Defendant.

# PRELIMINARY PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiff Rodney Williams initiated this prisoner civil rights matter in July 2009. His initial Complaint alleges that Defendant Sheila Morrison retaliated against him for filing grievances by interfering with his legal mail, and also that he was denied access to the courts by an inadequate law library and legal materials.  In September, presiding District Judge Armijo dismissed the access to the courts claim as well as the other named defendant.  *See Docs. 1, 22.*  Thereafter, Plaintiff filed a number of letters, motions, and, with the Court's permission, an amended complaint.  His Amended Complaint reasserts his legal mail claim against Defendant Morrison and also alleges that Sergeant Tori Sandoval retaliated against him for filing this lawsuit by confiscating his pillow and sugar packets and by letting a white inmate take a shower before going to court but refused to allow Plaintiff to do so.  *See Docs. 14-20, 23-24, 27-30.*  For the

reasons below, I recommend that the pending motions be denied and that the Clerk issue notice and waiver of service on the amended complaint.

## Plaintiff's Letters And Declarations

Plaintiff has filed a number of "letter" statements addressed to the Clerk which contain allegations and/or questions for the Clerk.

To the extent the letters attempt to raise additional allegations, they will not be considered. *Compare, e.g., Doc. 14* at 2 ("as of 9-10-09 from work of a (sic) officer named Mr. Hoggott this facility has a new policy that after two times they ask you some thing like comply then they can put there (sic) hands on you.") *and Doc. 30* ("I'm still being harassed and retaliated on . . . the problem [is] with Lt. Holly not Lt. Mittlemark."), *with Doc. 27* (Amended Complaint does not challenge this policy or actions by these Lieutentants). The proper vehicle for doing so, as Plaintiff now knows, is to file a motion for leave to amend. Plaintiff is also notified that if he does so in the future, he must also attach a copy of the proposed amended complaint with the motion requesting leave to amend.

To the extent that the letters raise issues concerning the claims of other inmates, they will not be considered. *See, e.g., Doc. 14* ("retaliation against me and another inmate"). *Pro se* prisoner may not raise claims on behalf of others, they only have standing to bring claims that effect them personally. *See, e.g., Tijerina v. Offender Management Review Committee,* 91 Fed. App'x 86, 88 (10th Cir. 2004) (""A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Casualty Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000).

Because he is *pro se,* Appellant cannot represent other inmates in this suit."); *Beierle v. Colorado Dept. of Corrections,* 79 Fed. App'x 373, 375 (10th Cir. 2003) ("In *Fymbo . . .* we concluded that a 'litigant may bring his own claims to federal court without counsel, but not the claims of others.' *Id.* at 1321 (citation omitted); *see also* 7A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1769.1 (2d ed.1986).").

To the extent that the letters repeat what is before the Court in his Amended Complaint, they will be considered at the appropriate time. *Compare, e.g., Doc. 14* (asserting as harassment that his cell door was "repaired," now does not lock, and he fears for his safety), *with Doc. 15* at 1 (same) *and with Doc. 27* at 5-6 (reiterating claim about unlocked cell door in Amended Complaint), *and with Doc. 29* ("I know that my cell door was fixed 11-3-09, but the other harassment and the retaliation is still going on"); *also compare Doc. 17* (asserting that his legal mail was opened without him being present and confiscation of pillow and sugar packets as retaliatory harassment), *with Docs. 18-20* (declarations by inmates in support of Plaintiff's allegations of interference by Defendant Morrison) *and with Doc. 27* at 3 (reiterating both claims).

To the extent that the letters repeat what is asserted in the other pending motions, they are considered below.

As for the questions raised to the Clerk in these letters, some already appear to have been answered,[1] but to be clear, the Court has received and docketed Plaintiff's pleadings and the suit is still pending. The significance of the "hammer or mallet" on the docket sheet means the document is a motion and is still pending. *See Docs. 29. 30.*

---

[1] For example, in September he asked whether the court received his letter concerning the allegation of an unlocked cell door and whether his case was still pending. *See Doc. 15.*

3

# Next Steps – Service, Answers, Dispositive Motion And/Or *Martinez* Report

Having reviewed the retaliation claims asserted against Sergeant Sandoval in the Amended Complaint, I conclude that they are not subject to immediate dismissal as frivolous. Accordingly, if these proposed findings are adopted, the Clerk will issue Sergeant Sandoval a notice and waiver of summons form. Then, the next step is for both Defendants to answer. Once that is accomplished, they may or may not file a dispositive motion, seeking to have the case dismissed for some reason.

If they do not file a dispositive motion, under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants in cases like this to investigate the incidents underlying Plaintiff's lawsuit and submit a report of their investigation, in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim. *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). When this Court orders a *Martinez* Report, it gives ample time for it to be prepared and fully briefed.

In other words, this suit is not going to be resolved one way or another within the next few weeks or even the next few months. Moreover, the Court has lots of other pending cases besides this one. I expect Plaintiff to understand all of this, know that his case is being tended to, and be patient.

## Plaintiff's Motion For Appointment Of Counsel

The "'the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment.'" *Parker v. Bruce,* 109 Fed. App'x 317, 321 (10th Cir. 2004) (quoting *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988) and omitting internal quotation marks and citation).  The Tenth Circuit "applie[s] this holding to prisoners' § 1983 cases."  *Id.*  In considering whether to appoint counsel for indigent plaintiffs under 28 U.S.C. § 1915(d), the factors this Court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

Here, the issues are few and relatively straightforward, and Plaintiff has proven capable of ably representing himself and advising the Court of his claims.  Moreover, this matter has not yet passed the *Martinez* Report stage and, as I explained above, the purpose of a *Martinez* Report is to ascertain whether there are any claims for relief that should go forward.  Until the Court makes that initial determination and under these circumstances, I find appointment of counsel is not warranted at this time.

## Plaintiff's Motions For Injunctive Relief

Plaintiff seeks a preliminary injunction because (1) his cell door did not lock, (2) Sergeant Sandoval confiscated his pillow and sugar packets, and (3) Defendant Morrison has opened his legal mail without him being present.  *See, e.g., Doc. 23* a 1-2; *Doc. 28* at 1-2 (unspecific allegation of harassment by Defendant Morrison and

Sergeant Sandoval, referencing earlier motion for preliminary injunction).

A temporary restraining order will not issue absent a clear showing of "irreparable injury, loss, or damage." FED. R. CIV. P. 65(b). Plaintiff concedes that his cell door has been fixed, and his other allegations of constitutional violations, if proven, can be compensated with damages. *See Doc. 29* ("I know that my cell door was fixed 11-3-09"). Indeed, Plaintiff is seeking "1.3 million" in damages. *See Doc. 27* at 6. Also, a preliminary injunction is "extraordinary" and "drastic" relief that can only be granted if a plaintiff makes a "strong showing" that he is likely to succeed on the merits, that he will suffer irreparable injury if the injunction is denied, that the balance of the potential harms if an injunction is or is not issue fall in his favor, and that the injunction is in the public interest. *See, e.g, Beltronics USA, Inc. v. Midwest Inventory,* 562 F.3d 1067, 1070-71 (10th Cir. 2009). Plaintiff has not made a strong showing of success on the merits, much less demonstrated that he meets all four criteria.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. Plaintiff's motions for injunctive relief *(Docs. 23, 28),* be DENIED;

2. Plaintiff's motion for appointment of counsel *(Doc. 16)* be DENIED WITHOUT PREJUDICE; and

3. In the event these proposed findings are adopted, the Clerk issue notice and waiver of service to Defendant Tori Sandoval.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §

636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE